IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROGER BEASLEY IMPORTS, INC. § | |
| § | |
| v. § | CIVIL ACTION NO. 1:21-cv-162 |
| § | |
| JPMORGAN CHASE BANK, N.A. § | |
| AND MOTORS INSURANCE § | |
| CORPORATION § | |

**PLAINTIFF ROGER BEASLEY IMPORTS, INC.'S ORIGINAL COMPLAINT**

Plaintiff Roger Beasley Imports, Inc. ("Beasley") files this Original Complaint and asserts the following claims against Defendants JPMorgan Chase Bank, N.A. ("Chase") and Motors Insurance Corporation ("MIC").

**I.     INTRODUCTION**

1.     Pursuant to a Chase Floorplan Program, Defendants provided a policy of insurance to insure Beasley, along with sister entities Roger Beasley Mazda, Inc. and Auto Group Premier, Inc., (collectively, the three "Beasley Entities"), for weather-related losses at their five car dealerships in the Austin area.  On May 24, 2020, a hail storm hit Beasley's Mazda South dealership, causing significant damage to approximately 550 vehicles.  Beasley promptly filed its claim with Defendants requesting payment for this covered loss.  Defendants rejected Beasley's entire claim when coverage is clear, leaving Beasley with a loss of nearly $750,000.  Beasley files this suit to enforce its rights under the contract and the insurance policy in the face of Defendants' wrongful denial.

## II.   JURISDICTION AND VENUE

2. This Court has jurisdiction because the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## III.   PARTIES

3. Plaintiff Roger Beasley Imports, Inc. is a Texas corporation.

4. Defendant JPMorgan Chase Bank, N.A. is a Foreign Financial Institution who may be served with process through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5. Defendant Motors Insurance Corporation is a Foreign Fire and Casualty Corporation who may be served with process through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## IV.   CONDITIONS PRECEDENT

6. All conditions precedent to Plaintiff's recovery and relief requested herein have occurred or have been performed.

## V.   FACTS

### A. Floorplan

7. Beasley is a successful car dealer with three locations: Mazda South, Roger Beasley Hyundai and Roger Beasley Hyundai New Braunfels. The Beasley family of dealerships (the "Beasley Entities") also includes Roger Beasley Mazda Central (owned by Roger Beasley Mazda, Inc.) and Roger Beasley Mazda of Georgetown (owned by Auto Group Premier, Inc.).

8. In September 2019, Chase became a lender for all the Beasley Entities, issuing a large-scale line of credit for both new and used vehicle inventory under what is commonly known as a

"Floorplan". As part of the lending transaction, Chase required that the Beasley Entities maintain automobile physical damage insurance and invited them to participate in its Floorplan insurance "Program" with insurer Defendant MIC. The Beasley Entities accepted this invitation by executing the required documents and properly paying all premiums, which amounted to more than $380,000 over just nine months—premiums that Defendants never returned.

9. After the May 24, 2020 hailstorm hit Mazda South, Beasley invoked its insurance coverage. Defendants denied the claim, taking the position that there was no coverage in place for the damaged vehicles under either the Chase Floorplan and/or the MIC insurance policy issued thereunder. Defendants' denial resulted in economic loss and/or actual damages to the Plaintiff in the amount(s) of the benefits Defendants withheld.

**B. The "Program"**

10. Beasley and Chase executed a number of documents to secure the lending transaction. The Floorplan documents include, among others, a Line of Credit Note (the "Note") and a Floorplan Credit Agreement (the "Credit Agreement"). Exs. A and B. In both agreements, Beasley is defined to include all three Beasley Entities: Roger Beasley Imports, Inc., Roger Beasley Mazda, Inc., and Auto Group Premier, Inc. Chase secured the line of credit with massive collateral in all of the Beasley Entities' "real or personal property" described in the Floorplan documents executed in connection with the deal. Ex. B at § 1.

11. In the Credit Agreement, Chase required the Beasley Entities to maintain inventory insurance satisfactory to Chase. Ex. A at § 8.19. Chase gave the Beasley Entities the option of satisfying the requirement by participating in its insurance "Program":

> If the Borrower satisfies said requirement by participating in a program offered from time to time through the Bank (the "Program"), the Borrower agrees to reimburse the Bank for the cost of insurance under any policy issued to the Borrower under the Program (each, a "Policy") as may be referenced in the

certificate of insurance or other separate writing issued by the insurance company issuing a Policy (the "Insurer").

*Id.* at § 8.19.  The Beasley Entities opted in, and Defendant MIC issued the policy (the "Policy") to them via its agent PDP Group, Inc.

12.     Chase's Floorplan not only covered "floored" autos—mostly new vehicles that the Beasley Entities acquired with funds borrowed from Chase—but it also covered "non-floored" vehicles. The Policy expressly covered weather loss, including hail damage, for both floored and non-floored vehicles.  Beasley is an additional insured under the Policy, as evidenced in the declarations and the certificate of insurance.  Exs. C and D.  The Beasley Entities timely paid all premiums for both floored and non-floored vehicles through May 26, 2020.  Neither Defendant has returned any premiums previously paid to secure that insurance coverage.

### C. The Hail Storm and Wrongful Denial of the Insurance Claim

13.     On May 24, 2020, a hail storm hit Beasley's Mazda South dealership causing approximately $750,000 in damage to non-floored vehicles on the lot.  Beasley submitted a claim to MIC, which MIC wrongfully denied in full.  Chase echoed MIC's position, falsely claiming that there was no coverage in place on the day of the storm.  Defendants rely on a Policy provision stating that coverage ends at the earlier of "(1) the date your security interest is satisfied; or (2) the date the covered auto is sold" and take the position that Chase had no security interest in the damaged vehicles.  Ex. E at Part IV, G.2.

14.     However, when the storm hit, Plaintiff Beasley still had new cars floored with Chase through their financing agreements, and Defendants charged Beasley premiums for coverage on those vehicles as well as on the non-floored vehicles at Mazda South that were damaged by the storm.

15.     It was not until May 26—two days after the storm—that Beasley paid off the Note in full and no longer had any cars floored with Chase.  It was only *then* that coverage terminated under the terms of the Program and the Policy.  Hence, the hail-damaged vehicles were covered by the insuring agreements on May 24, 2020—the date of the loss.

## VI.     CAUSES OF ACTION

### A.  Chase's Breach of Contract

16.     By its actions set forth above, Chase breached its Floorplan Credit Agreement with Beasley, specifically the insurance Program's termination provisions.  Ex. B at § 8.19.  The Program terminated upon the earliest of (1) the expiration of the Policy, (2) the termination of the Credit Agreement, or (3) the Beasley Entities' termination of their participation in the Program, provided that they provide 10 days' written notice and provide Chase with other evidence of insurance.  *Id.*  Here, the Program ended under #2 above when the Chase Floorplan Agreement terminated as a result of the Beasley Entities' final payoff of the Note on May 26.  Chase's position that its Floorplan Program ended earlier is false and breaches the plain language of the Chase Floorplan Credit Agreement.  As a result of this breach, Chase is liable for Beasley's actual damages, the costs of this action, and attorneys' fees.

### B.  Chase's Texas Insurance Code Violations

17.     By contracting with Beasley for the Chase Floorplan Program (which included insurance coverages and benefits), Chase actively engaged in the business of insurance (as that term is variously defined in TEX. INS. CODE § 101.051) and is further liable for Texas Insurance Code violations committed in that capacity.  Chase has knowingly committed unfair and deceptive insurance practices, including but not limited to misrepresenting facts, terms, or policy provisions relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and

equitable settlement of a claim with respect to which its liability has become reasonably clear; refusing to pay the claim without conducting a reasonable investigation of the claim; and failing to promptly provide Beasley with a reasonable explanation for the denial of the claim. TEX. INS. CODE §§ 541.051; 541.060(a)(1)-(3), (7). Accordingly, Chase is liable to Beasley for actual damages, additional and/or statutory damages, court costs, attorneys' fees, statutory interest, and any other damages the Court deems proper.

### C. MIC's Breach of Contract

18. MIC breached the Policy by refusing to pay Beasley's claim. Beasley was an additional insured under the Policy with hail damage coverage for non-floored vehicles at its dealerships. Exs. C and D. Beasley paid all premiums owed under the Policy and made a proper and timely claim for loss and/or damages. MIC is "piggybacking" on Chase's unsupportable position that coverage had ended prior to the date damages were sustained and also falsely representing that, under the terms of the policy, it owes contractual obligations *only* to Chase and not to Beasley. Accordingly, MIC is liable to Beasley for actual damages, the costs of this action, and attorneys' fees.

### D. MIC's Texas Insurance Code Violations

19. MIC has violated the Texas Insurance Code by engaging in, and knowingly engaging in, unfair claim settlement practices, including, but not limited to, misrepresenting facts or policy provisions or advantages relating to coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which its liability has become reasonably clear; denying the claim; failing to conduct a reasonable investigation of the claim; and failing to promptly provide Beasley with a reasonable explanation for the denial of the claim. *See* TEX. INS. CODE §§ 541.051; 541.060(a)(1)-(3), (7); 542.003(b)(1), (4); 542.056; 542.058; 542.060.

As a result, MIC is liable to Beasley for actual damages, additional and/or statutory damages, court costs, attorneys' fees, statutory interest, and any other damages the court deems proper.

## VII.   JURY TRIAL

20. Beasley demands a trial by jury.

## PRAYER

Beasley respectfully requests compensatory damages, additional and/or statutory damages, the costs of this action, attorneys' fees, interest, and such other and further relief to which Plaintiff may be entitled.

                                        Respectfully submitted,

                                        Joe K. Longley
                                        State Bar No. 00000114
                                        **LAW OFFICE OF JOE K. LONGLEY**
                                        3305 Northland Drive, Suite 500
                                        Austin, Texas 78731-4991
                                        Telephone: (512) 477-4444
                                        Facsimile: (512) 477-4470
                                        Email: joe@joelongley.com

                                        Karen C. Burgess
                                        State Bar No. 00796276
                                        Email: kburgess@burgesslawpc.com
                                        **BURGESS LAW PC**
                                        515 Congress Avenue, Suite 1900
                                        Austin, Texas 78701-3526
                                        Telephone: (512) 482-8808
                                        Facsimile: (512) 900-6325

Dated: February 18, 2021          By:  */s/ Karen C. Burgess*
                                            Karen C. Burgess
                                            State Bar No. 00796276

                                        **ATTORNEYS FOR PLAINTIFF**
                                        **ROGER BEASLEY IMPORTS, INC.**