IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROGER BEASLEY IMPORTS, INC., | § § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. 1:21-CV-162 |
| JPMORGAN CHASE BANK, N.A. AND MOTORS INSURANCE CORPORATION, | § § § § | |
| Defendants. | § | |

## DEFENDANT JPMORGAN CHASE BANK'S MOTION TO DISMISS AND MEMORANDUM OF SUPPORT

Defendant JPMorgan Chase Bank ("Chase") files this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and would show as follows:

### *Introduction*

Roger Beasley Imports, Inc. ("Beasley") operates several car dealerships in the greater Austin area. As part of its financing arrangement with Chase to obtain funds to purchase its inventory of vehicles, Beasley agreed to keep the inventory insured. To fulfill this obligation, Beasley became an additional insured on Chase's insurance policy with Motor Insurance Corporation ("MIC"). Beasley filed an insurance claim with MIC in 2020 for hail damage that was denied by the carrier. Now, in this lawsuit, Beasley alleges *that Chase* violated the Texas Insurance Code and breached the credit agreement. Because Beasley fails to state a claim upon which relief can be granted, this Court should dismiss all claims against Chase.

Beasley cannot sue Chase under the Texas Insurance Code for several reasons. First and foremost, Chase is not "engaged in the business of insurance" and thus no claim exists under Chapter 541 of the Texas Insurance Code ("TIC"). Chase does not issue insurance policies or

adjust claims, meaning it cannot commit "unfair settlement practices" under TIC section 541.060 as Beasley alleges. And Beasley has not alleged any facts whereby Chase violated TIC section 541.051 by misrepresenting the terms of the MIC policy, much less alleged reliance on a misrepresentation regarding the terms of the MIC policy. Beasley is fully aware of the terms and conditions of the MIC policy, which it filed as Exhibit "C" to its amended complaint.

Further, Beasley has not alleged a valid breach of contract claim against Chase. Whether Beasley actually had insurance coverage for some or all of its fleet on the date of the hail storm and whether Beasley's insurance claim was properly adjusted and denied have nothing to do with the Chase credit agreement and cannot form the basis of a breach of contract claim against Chase. Chase allowed Beasley the convenience of accessing insurance *from MIC* by becoming an additional insured under Chase's insurance policy with MIC. Beyond that, it is MIC's sole responsibility to adjust and pay claims. Moreover, even if Beasley's incorrect rational for its breach of contract claim is accepted, Beasley's own allegations show that Beasley terminated the credit agreement—relinquishing any hypothetical obligation Chase owed in the first place. This Court should dismiss Beasley's breach of contract claim against Chase.

## Factual Background

In 2019, Chase began providing Beasley with financing to support its car dealership enterprise. Through a Floorplan Credit Agreement (the "Credit Agreement") and other loan and security agreements, Chase lent to Beasley the funds it needed to purchase its inventory of vehicles that it sells to customers. *See* Ex. A (Line of Credit / Note) and Ex. B (Credit Agreement).[1] Because Beasley repaid its loan for each vehicle financed by Chase from funds received when the vehicle was sold to a customer, Chase required Beasley to maintain insurance on its inventory.

---

[1] All references to exhibits are to the exhibits to Beasley's amended complaint.

*See* Ex. B at § 8.19.  Beasley could fulfill this requirement either by taking out its own insurance policy or becoming an additional insured under Chase's insurance policy with MIC.  *Id*.  Beasley decided to become an additional insured on the MIC policy.  *See* Ex. D (Certificate of Insurance).  Accordingly, Beasley was required to reimburse Chase for the premiums paid that were attributable to Beasley's additional insured coverage.  *Id.*  A hail storm damaged Beasley's inventory on May 24, 2020.  *See* Amended Complaint at ¶ 26.  Prior to that, Beasley had decided to switch lenders and sent Chase a notice stating it was terminating the Credit Agreement.  *Id.* at ¶ 23.  Beasley nevertheless filed a claim with MIC, which was denied.  *See* Ex. E (Claim Denial).

On February 18, 2021, Beasley filed this suit against Chase and MIC, claiming that Chase breached the Credit Agreement and violated sections 541.051 and 541.060(a)(1)-(3) and (7) of the Texas Insurance Code.  Beasley amended its complaint on May 12, 2021, still asserting that Chase breached the Credit Agreement and violated provisions of the Texas Insurance Code—this time only sections 541.051 and 541.060(a)(1), (2).  Chase asks that this Court dismiss Beasley's claims against it, as Beasley fails to state a claim by which relief can be granted.

### *Standard of Review*

"To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555–56).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

"The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts." *AdvoCare Int'l, L.P. v. Hardy*, 3:09-CV-0098-P, 2010 WL 11618798, at *4 (N.D. Tex. Sept. 30, 2010) (citing *Aschroft*, 556 U.S. at 677). The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Muhammad v. Dallas Cty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007). However, the court need not accept as true conclusory allegations or unwarranted deductions of fact. *Cent. Laborer's Pension Fund v. Integrated Elect. Servs., Inc.*, 497 F.3d 546, 550 (5th Cir. 2007). If the well-pleaded, non-conclusory statements of fact fail to state a claim upon which relief can be granted, the complaint may be dismissed as a matter of law. *Muhammad*, 479 F.3d at 379–80.

In deciding such a motion, the court is generally limited to considering the contents of the pleadings. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). However, a court may consider documents attached to the complaint. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

Moreover, when Rule 9(b) applies, a Plaintiff may plead "simple, concise, and direct allegations." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). But the Plaintiff must show the "who, what, when, where, and how" of the alleged conduct. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). As shown below, Beasley fails to satisfy either of these pleading requirements. Its claims against Chase should be dismissed.

*Argument and Authorities*

**I.     Chase is not in the business of insurance and cannot be held liable for alleged violations of the Texas Insurance Code.**

Chase cannot be held liable under the TIC because it is not in the business of insurance. Chapter 541 is only applicable to those who are engaged in the business of insurance. *Tayssoun*

*Transp., Inc. v. Universal Am-Can, Ltd.*, CIV.A. H-04-1074, 2005 WL 1185811, at *4 (S.D. Tex. Apr. 20, 2005) (Atlas, N.) (finding that "[a] defendant is not subject" to Chapter 541's predecessor "if the party is not in the 'business of insurance.'"); *A.I. Credit Corp. v. Thomas*, 3:03-CV-0298-B, 2005 WL 8158036, at *3 (N.D. Tex. Apr. 15, 2005) ("To be a person subject to liability under the relevant Insurance Code provisions, A.I. Credit must be 'in the business of insurance.'").

The phrase "in the business of insurance" is not defined in Chapter 541. *Id.*; *see also Hazari LLC. v. Everest Indem. Ins. Co*, No. H-19-4071, 2020 WL 1969530, *5 (S.D. Tex. April 4, 2020) (Rosenthal, L.). Instead, insurance "involves the pooling and spreading of risk of the insureds." *Great American Ins. Co.*, 908 S.W.2d at 424. "By limiting the scope of article 21.21 to the business of insurance, the Legislature intended it to apply to ***a species of economic enterprise***, not to particular contracts on a piecemeal basis." *Dallas Fire Ins. Co. v. Texas Contractors Sur. & Cas. Agency*, 159 S.W.3d 895, 897 (Tex. 2004) (emphasis added); *see also Tayssoun Transportation, Inc.*, 2005 WL 1185811, at *4 (concluding that defendant was not involved in the "pooling and spreading of risk" and thus was not in the business of insurance).

Lenders like Chase are not insurers. Chase is not involved in the "pooling and spreading of risk" and none of the loan documents are to the contrary. Chase simply required insurance to be secured for its collateral (the vehicle inventory) and then offered—not required—Beasley the opportunity to satisfy this requirement by becoming ***an additional insured under an insurance policy issued by MIC.*** *See* Amended Complaint at ¶ 2. That does not equate to being in the insurance business and pooling risk.

Indeed, Chase is in a similar position to a mortgage lender who requires a borrower to pay the mortgage premium attributable to its property, which is sometimes scheduled under the lender's insurance policy. Like a mortgage lender, Chase's insurance policy with MIC was issued

for its own benefit in order to make sure that Beasley would have the funds needed to repay its vehicle loans in the event its inventory suffered property damage. Under these similar circumstances, Texas courts have ruled that a mortgage lender is not in the business of insurance. *Compare* Ex. B at § 8.19 (requiring insurance on Floored Vehicles and discussing the program) *with Bennett v. Bank United*, 114 S.W.3d 75, 85 (Tex. App.—Austin 2003, no pet.) (Yeakel, L.) (mortgage lender that collected mortgage insurance premiums from borrower was not engaging in the business of insurance); *see also Barrios v. Great Am. Assur. Co.,* No. H-10-3511, 2011 WL 3608510 (S.D. Tex. Aug. 16, 2011) (stating that a mortgage lender who took out an insurance policy on a mortgaged house and received payments for that policy's premium from the mortgagee was not an insurer). The same result should be reached here. Requiring and coordinating third party insurance in order to secure repayment of loan proceeds does not make a lender an insurer, nor does it make a lender the agent of an insurance company. *See Bennett*, 114 S.W.3d at 85.

Because Chase is not engaged in the business of insurance, Beasley's claims against Chase for violation of TIC section 541 should be dismissed.

> **A. *Chase cannot be liable for claims under 541.060 because it did not issue a policy or adjust any claim.***

Even if this Court found that Chase was in the business of insurance when Beasley and Chase entered into the Credit Agreement, Chase cannot be liable for violations of section 541.060 because it did not issue any policy or adjust any claim. Beasley alleges Chase violated section 541.060(a)(1), and (2).[2] These sections prohibit:

- Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; and

---

[2] Amended Complaint at ¶¶ 43-45.

- Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement.[3]

Section 541.060 addresses the duties "owed by an insurer who issued a policy of insurance to an insured . . . ." *See Tex. City Patrol, LLC v. El Dorado Ins. Agency, Inc.*, 01-15-01096-CV, 2016 WL 3748780, at *4 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (concluding that because defendant was "not an insurer, [plaintiff] is not entitled to relief under section 541.060(a)(2)(A), (3), (4), or (7).") (emphasis added); *see also id.* at *4 (concluding defendant did not violate section 541.060(a)(1) because "it was [the insurer's] duty to engage in fair settlement practices" and defendant "had not issued a policy of insurance"). Allegations under these sections require the authority to actually settle a claim with an insured. *See Mercury Multifamily Mgmt. LLC v. Peleus Ins. Co.*, 3:16-CV-2557-D, 2016 WL 9091289, at *3 (N.D. Tex. Nov. 30, 2016) (concluding that violations of § 541.060(a)(2) are only actionable against the insurance company or the individual at the insurance company who refuses to pay the claim and not adjusters.).

Chase is neither an insurer nor an adjuster. The agreements Plaintiff pleads and attaches to its complaint are conclusive that it is a lender. *See* Ex. A (Line of Credit / Note) and Ex. B (Credit Agreement). The policy at issue in this lawsuit was issued solely by MIC. *See* Ex. C (Policy). Beasley's claim was adjusted by the National Property Claims Center "on behalf of Motors Insurance Corporation." *See* Ex. E (Claim Denial). Chase was not the adjuster, it did not estimate Beasley's claim, and it was not involved in the settlement process other than providing information requested by the adjuster, such as the status of its security interest in Beasley's inventory. *Id.* Chase cannot be held liable under sections 541.060(a)(1) and (2) for statutory duties owed by MIC, the only insurer of Beasley's vehicle inventory. Beasley's claims under Chapter 541 should be dismissed.

---

[3] Tex. Ins. Code § 541.060(a)(1), (2).

### B. Beasley has not alleged that Chase made any misrepresentation subject to Section 541.051.

Notwithstanding the fact that Chase cannot be held liable under the TIC because it is not in the business of insurance, Chase cannot be held liable under section 541.051 of the TIC because Beasley has not shown that Chase made any misrepresentation to it about the terms or conditions of the MIC policy.

Beasley has not alleged that Chase made any statement actually regarding the MIC policy, much less a misrepresentation about the terms and conditions of ***coverage***. *See* Tex. Ins. Code § 541.051(a)(1) (requiring a misrepresentation about "a policy issued"). Beasley has only alleged that it was required to have insurance under the Credit Agreement with Chase, that Chase allowed it to satisfy that requirement by accessing the MIC policy as an additional insured, and that Chase terminated the Policy before the alleged claim arose. At best, this is a statement about the Credit Agreement and the subsidiary Program, and Chase's alleged breach of that Credit Agreement.[4] This does not satisfy the federal pleading requirements under *Twombly* to state a claim for violating section 541.051. *See, e.g., Chamberlin v. GEICO Indem. Co.,* 3:19-CV-02036-L, 2020 WL 5922072, at *5 (N.D. Tex. May 26, 2020), report and recommendation adopted, 3:19-CV-2036-L, 2020 WL 3887845 (N.D. Tex. July 10, 2020) ("Section 541.051 prohibits making misrepresentations regarding ***a policy***. . . . Because [plaintiff's] Petition does not contain a factual allegation that [defendant] misrepresented any facet of ***the policy*** at issue, there is no reasonable basis for the Court to conclude that [plaintiff] could recover from [defendant] for a § 541.051 violation.") (emphasis added).

There is simply no representation by Chase concerning the actual terms of the MIC policy to be found in Plaintiff's complaint, much less a misrepresentation by Chase of the policy in

---

[4] Per Section II, below Chase did not breach the Credit Agreement, as Beazley alleges.

relation to the claim. The only allegation that even suggests a misrepresentation by Chase is Beasley's conclusory statement that Chase "misrepresent[ed] . . . the terms, advantages, and benefits of the Policy . . . ." Amended Complaint at ¶ 43. But these conclusory allegations do not satisfy federal pleading requirements. *See, e.g., Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Because Beasley has not presented any well-pleaded facts regarding any alleged misrepresentation by Chase about the MIC policy, its section 541.051 allegations should be dismissed. *ValTex Properties LLC v. Cent. Mut. Ins. Co.*, 3:20-CV-1992-B, 2020 WL 6781944, at *4 (N.D. Tex. Nov. 18, 2020) ("The allegation underpinning ValTex's §§ 541.051 and 541.061 claims does not mention a misrepresentation. . . . For this reason alone, ValTex's §§ 541.051 and 541.061 claims fail.").

Finally, Beasley agreed in the Credit Agreement that Chase made no representations whatsoever about the terms of the MIC policy. In particular, Beasley agreed that it:

> [A]cknowledges that (a) ***the Borrower is responsible for making its own determination of the coverage offered under any Policy*** and of the creditworthiness of any Insurer issuing any Policy based on such information as it deemed sufficient, (b) ***the Bank makes no representations or warranties of any kind whatsoever with respect to any Policy*** or any Insurer and shall not be responsible for the creditworthiness or performance of any Insurer, and (c) ***the Borrower assumes all risk of a loss not covered by any Policy or a failure by any Insurer to perform under any Policy***, and that, in such event, it shall remain fully liable for all amounts due hereunder.

Ex. B at § 8.19 (emphasis added). In other words, Plaintiff has not alleged any misrepresentations regarding the policy terms because none were made by Chase, a fact to which it attested when it signed the Credit Agreement.

### C. Beasley's claim of misrepresenting the terms of the MIC Policy does not meet the heightened pleading requirements of Rule 9(b).

Furthermore, Beasley's claim that Chase misrepresented the terms of the MIC policy fails to meet the heightened pleading requirements of Rule 9(b). Rule 9(b) is applied to allegations under the TIC. *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) ("Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)."); *see also Guey Ming Yeh v. Safeco Ins. Co. of Indiana*, 4:18-CV-00026, 2018 WL 1858151, at *3 (E.D. Tex. Apr. 18, 2018) (stating the same). This heightened requirement means that Beasley must set forth the "who, what, when, where, and how" of its allegations. *Id.* ("A plaintiff pleading fraud must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."). Beasley has failed to do this, despite the court giving it leave to amend.

Nowhere in the complaint does Beasley state who made any misrepresentations about the MIC policy, what the actual misrepresentations regarding the MIC policy were, or how statements about the actual terms of the MIC policy that Beasley relied on caused it damages. *See Wellisch v. United Services Auto. Ass'n*, 75 S.W.3d 53, 59 (Tex. App.—San Antonio 2002, pet. denied) ("To recover damages under either the common law or the Insurance Code and DTPA, the violations must be a 'producing cause' of the insured's damages."); *Partain v. Mid-Continent Specialty Ins. Services, Inc.*, 838 F. Supp. 2d 547, 561 (S.D. Tex. 2012), aff'd sub nom. *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388 (5th Cir. 2014) ("Like Section 541.051, Section 541.061 requires a showing of reliance and causation."). In addition to failing to state a claim under Rule 12(b)(6), Beasley further fails to meet the heightened pleading requirement of Rule 9(b).

## II. Chase did not breach the Credit Agreement.

Beasley alleges that "Chase breached its Floorplan Credit Agreement with Beasley, specifically the insurance Program's termination provisions." Amended Complaint at ¶32. The term of the Credit Agreement cited by Beasley to support this allegation is section 8.19. That section provides only that *Beasley must maintain insurance* and that Beasley may satisfy this requirement by becoming an additional insured on the MIC policy. And as cited above, Beasley disclaimed that Chase made any representations about the terms and conditions of the MIC policy, which of course includes any termination provisions. *See* Ex. B at § 8.19.

To allege a breach of contract, a plaintiff must allege that the ***defendant actually breached the contract***. *See Academy of Skills & Knowledge, Inc. v. Charter Sch., USA, Inc.,* 260 S.W.3d 529, 536 (Tx. App.—Tyler 2008, pet. denied); *Snyder v. Eanes ISD*, 860 S.W.2d 692, 695 (Tex. App.—Austin 1993, writ denied); *see also Wolf v. Cowgirl Tuff Co.*, 1-15-CV-1195 RP, 2016 WL 5957663, at *2 (W.D. Tex. Apr. 19, 2016). Beasley has not done this. Instead, Beasley has conflated the Credit Agreement and the Policy—attempting to claim that because it alleges MIC breached the insurance policy, then the Credit Agreement was necessarily breached as well. *See* Amended Complaint at ¶ 31 (conflating the terms of the Program and the Policy as "the insuring ***agreements***") (emphasis added). But there is only one insurance policy, and Beasley specifically acknowledged that Chase was not responsible for coverage under it. *See* Ex. B at § 8.19.

Plaintiff appears to be trying to recast its vague "misrepresentation" claim as a breach of contract. But here, Texas law is clear that a policyholder is imputed with the knowledge of the terms and conditions of its insurance policy. *See Rodgers v. Ins. Co. of State of Pa.*, 513 S.W.2d 113, 119 (Tex. Civ. App.—Fort Worth 1974, writ ref'd n.r.e.) ("An insured has the duty to read his policy on receiving it and he will be charged in law with knowledge of its conditions and coverage . . . ."); *Heritage Manor of Blaylock Properties, Inc. v. Petersson*, 677 S.W.2d 689, 691

(Tex. App.—Dallas 1984, writ ref'd n.r.e.) (stating the same). On top of that, Beasley disclaimed any representations *of any kind* with respect to the MIC policy. *See* Ex. B at § 8.19. And Beasley has failed to establish any conflict between the terms of the Credit Agreement and the MIC policy, much less provide a factual basis for a breach of contract claim. Beasley's vague breach of contract claim is not sufficient to survive dismissal under Rule 12(b)(6) and should be dismissed.

Finally, **even if** Chase was required to maintain insurance under the contract and Beasley's allegations were factually sufficient to state a claim for breach of contract, Beasley's allegations still fail under the terms of the Credit Agreement. Beasley admits that before the storm, Beasley "notified Chase that they had found a new lender and would be terminating the Credit Agreement." Amended Complaint at ¶ 23. Beasley also admits that Chase's alleged obligation to provide the Program pursuant to the Credit Agreement ends if the Credit Agreement is terminated. *Id*. at ¶ 32. Yet by its very terms, the Credit Agreement terminated when Beasley refinanced its Floorplan.

The Credit Agreement provides that Chase's obligation to fund Advances will terminate upon Beasley providing notice to Chase that it is released from any further obligation to fund advances. *See* Ex. B, §2.1.3; *see also id*. at § 1 (defining "Termination Date" to mean "the date the Bank's obligation to make Advances is terminated in accordance with Section 2.1.3.").[5] Beasley asserts that the Credit Agreement did not terminate until Chase was fully repaid. But by the plain language of the Credit Agreement, termination is not dictated by the date that Chase is fully repaid—it is when Chase is no longer obligated to continue advancing funds to Beasley. *Id*.

Because Beasley terminated its agreement with Chase to advance it funds by refinancing its Floorplan, as Beasley admits, there could be no obligation to continue the Program under the

---

[5] *See also* Ex. B, § 2.1.3 ("The Loan, and the Bank's obligation to fund Advances will terminate on the earliest to occur of (A) the date the Borrower terminates the Loan by providing written notice to the Bank stating that the Bank is released from further obligation to make Advances . . . ."); *see also*, *id.* at § 2.1 (defining the "Loan" to mean the revolving line of credit to Beasley).

Credit Agreement. Accordingly, under the plain terms of the Credit Agreement, Beasley's breach of contract action against Chase fails as a matter of law.

## *Conclusion*

Beasley has not alleged any viable claims against Chase for which relief can be granted. This Court should dismiss with prejudice all claims against Chase.

Dated: May 26, 2021

Respectfully submitted,

*/s/ Adam T. Schramek*
Adam T. Schramek
State Bar No. 24033045
adam.schramek@nortonrosefulbright.com

98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

Peyton L. Craig
State Bar No. 24109765
peyton.craig@nortonrosefulbright.com

1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5496

Counsel for Defendant
JPMORGAN CHASE BANK, N.A.

**Certificate of Service**

  This pleading, JPMorgan Chase Bank's Motion to Dismiss and Memorandum of Support, was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by electronic service, on May 26, 2021:

  Joe K. Longley
  LAW OFFICE OF JOE K. LONGLEY
  3305 Northland Drive, Suite 500
  Austin, Texas 78731-4991
  Telephone: (512) 477-4444
  Facsimile: (512) 477-4470
  Email: joe@joelongley.com

  Karen C. Burgess
  BURGESS LAW PC
  515 Congress Avenue, Suite 1900
  Austin, Texas 78701-3526
  Telephone: (512) 482-8808
  Facsimile: (512) 900-6325
  Email: kburgess@burgesslawpc.com

              */s/ Peyton L. Craig.*
               Peyton L. Craig